# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 421 b | **DATE** | 6/25/2004 |
| **CASE TITLE** | Raymond D. Minkus et al vs. Los Alamos Technical Associates, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, Kingsbury, Webster, MacIvor and Reinigs' motion to dismiss for lack of person jurisdiction [4-1,2], [30-1] is denied. For all the foregoing reasons, LATA, ITQ, Kingsbury, Webster, MacIvor and Reinigs' motion to dismiss Counts IV, V, sand VI for failure to plead fraud with particularity [3-1,2], [31-1] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 40 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 2004 JUN 25 PM 4:59 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAYMOND D. MINKUS and )
MINKUS & DUNNE COMMUNICATIONS )
INC., a dissolved Illinois Corporation, )
) Case No. 03 C 4216
Plaintiff, )
) Wayne R. Andersen
v. ) District Judge
)
LOS ALAMOS TECHNICAL ASSOCIATES )
INC., a New Mexico corporation, ITQ LATA, )
LLC a/k/a LATA IT, a New Mexico )
corporation, ROBERT KINGSBURY, )
individually, TIM WEBSTER, individually, )
ROBERT MACIVOR, individually, and L.P. )
REINIG, individually, )
)
Defendants. )

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the motion of the individual defendants, Robert Kingsbury, Harry Webster, Rob Roy MacIvor and L.P. Reinigs (collectively referred to as the "individual defendants"), to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Also before the Court is defendants Los Alamos Technical Associates, Inc. (LATA) and ITQ LATA a/k/a LATA IT's (ITQ) motion to dismiss counts IV, V and VI for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). All individual defendants have joined the corporate defendants in their motion to dismiss Counts IV, V and VI. For the following reasons, the motion to dismiss for lack of personal jurisdiction is denied. Additionally, the motion to dismiss Counts IV, V and VI for failure to plead fraud with particularity is denied.

## BACKGROUND

Plaintiff Raymond D. Minkus is a resident of Illinois. Plaintiff Minkus & Dunne is a dissolved Illinois corporation. Defendants Kingsbury, Webster, MacIvor and Reinig are residents of New Mexico. Defendants ITQ and LATA are New Mexico corporations with their principal place of business in Albuquerque, New Mexico. LATA maintains offices in Illinois. Plaintiffs allege that on or about December 6, 1999, Minkus entered into an agreement with LATA and LATA IT (which became ITQ) to sell Minkus and Dunne assets in return for a 3% interest in ITQ and an employment agreement to become Senior Vice-President of ITQ. Plaintiffs allege that all defendants engaged in fraud that forced Minkus to resign on December 5, 2002.

Plaintiffs have filed a six-count complaint against all defendants. Specifically, plaintiffs' complaint contains the following claims: (1) count I alleges breach of contract based on defendants failure to aid plaintiffs in collecting outstanding accounts receivables; (2) count II alleges a breach of contract based on plaintiffs buyout provision; (3) count III alleges that ITQ operated as an alter ego of LATA and asks the court to pierce the corporate veil of LATA; (4) count IV alleges breach of fiduciary duty; (5) count V alleges fraud; and (6) count VI alleges fraudulent inducement.

## DISCUSSION

### I. INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing

such a motion, the allegations in the complaint are to be taken as true unless controverted by a defendant's affidavit, and any conflicts are to be resolved in favor of plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court cannot exercise jurisdiction over a defendant if it is improper under either the United States or Illinois Constitutions. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821 (N.D. Ill. 1999). Because "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citation omitted), this Court will address a single due process inquiry. *See Janmark Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997).

The United States Constitution's limitation on the exercise of personal jurisdiction over a non-resident defendant is through the due process clause of the Fourteenth Amendment. *RAR*, 107 F.3d at 1277. In order for a court to exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945). A court can acquire personal jurisdiction over a defendant through either general or specific jurisdiction.

A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 833 (N.D. Ill. 2000), or when "the defendant has continuous and systematic general business contacts with the forum." *RAR, Inc.*, 107 F.3d at 1277 (citation and internal quotations omitted).

3

Alternatively, a defendant is subject to specific jurisdiction when it has "purposefully established minimum contacts with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). In determining whether a defendant has sufficient minimum contacts with Illinois, courts should consider whether the defendant could "reasonably anticipate being hauled into court" in Illinois. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "An out-of-state party's contract with an in-state party is alone not enough to establish the minimum contacts." *RAR, Inc.*, 107 F.3d at 1277.

In this case, defendants claim that they do not have the minimum amount of contacts required for this Court to have jurisdiction and that the exercise of jurisdiction over them would not comport with fair play and substantial justice.

Plaintiffs have alleged that Kingsbury made misrepresentations related to the financial status of ITQ on the phone and through a facsimile sent to Illinois. Kingsbury also traveled to the State of Illinois on two occasions and met briefly with Minkus on one of these trips. Plaintiffs allege that Reinig made misrepresentations related to the contract on several telephone calls to Minkus in Illinois. Additionally, both Webster and MacIvor visited Illinois on multiple occasions and negotiated the purchase of Minkus and Dunne assets and the employment contract with Minkus. Plaintiffs further allege that these defendants approached plaintiffs in Illinois and initiated the contracts that gave rise to the alleged fraud. Additionally as high ranking officers, Kingsbury, Webster, MacIvor and Reinig have control over whom to negotiate with and chose to approach and negotiate with an Illinois resident and corporation.

It seems clear that Kingsbury, Webster, MacIvor and Reinig purposely availed themselves of the benefits and protections of Illinois when they approached the plaintiffs in Illinois and

4

negotiated contracts with them. Furthermore, requiring Kingsbury, Webster, MacIvor and Reinig to litigate in Illinois where the contracts were negotiated, where the contract took effect, where many of the alleged misrepresentations took place, and where the defendants actions were directed is not an unreasonable burden. Therefore, Plaintiffs have established that Kingsbury, Webster, MacIvor and Reinig have sufficient contacts with Illinois for this Court to exercise personal jurisdiction over them, and this Court's exercise of personal jurisdiction over these defendants will not offend traditional notions of fair play and substantial justice. Thus, plaintiffs have alleged a prima facie case of jurisdiction against all defendants.

The individual defendants, however, have sought to avoid jurisdiction by using the fiduciary shield doctrine. The fiduciary shield doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or some other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912, (7th Cir. 1994). However, the shield may not be utilized if the "employee has the power to decide what is being done and chooses to commit the acts that subject him to long-arm jurisdiction." *Weyent v. Vertical Networks, Inc.*, 2004 U.S. Dist. LEXIS 1443, *10-11 quoting *Brujis v. Shaw*, 876 F. Supp. 975, 978 (N.D. Ill. 1995).

During all times when the alleged misrepresentations occurred, defendants Kingsbury, Webster, MacIvor and Reinig were all high ranking officers of either LATA or ITQ. Kingsbury was President of LATA and was a manager of ITQ since its formation. Webster was an employee of LATA and served as ITQ's president. MacIvor served as LATA's Controller and Vice President of Finance and Administration. Reinig served as Chairman of the Board and Chief Executive Officer of LATA and was a manager of ITQ. Additionally, all of the defendants had

5

some ownership interest in either LATA or ITQ except for MacIvor. Since Kingsbury, Webster, MacIvor and Reinig were high ranking officers and had control over whether to subject themselves to the Illinois long arm statute, we find that the fiduciary shield doctrine is not applicable.

For these reasons, defendants' motion to dismiss for lack of personal jurisdiction is denied.

## II. COUNT IV: BREACH OF FIDUCIARY DUTY

All defendants have moved to dismiss count IV, a cause of action for breach of fiduciary duty. In order to maintain a claim for breach of fiduciary duty, plaintiffs must show that a fiduciary duty exists, that defendants breached that duty and that the breach resulted in damages to the plaintiffs that were proximately caused by the breach. *Prime Leasing, Inc. v. Kendig*, 332 Ill. App.3d 300, 313 (1st Dist. 2002). Officers owe a fiduciary duty to investors and the corporation. *Truserv Corp. v. Chaska Bldg. Ctr.*, 2003 U.S. Dist. LEXIS 3293, *58 (March 5, 2003).

In this case, plaintiffs have alleged that Minkus was an investor in, and officer of, ITQ and that defendants owed him a fiduciary duty with respect to all aspects of the business, including the supply of information and documents regarding the business, a duty to act in good faith, and a duty of loyalty. Plaintiffs further allege that defendants did not accurately disclose the finances of the business and that they diverted funds. Finally, plaintiffs allege that the diversion of funds and misrepresentation of profits was done to avoid having to pay Minkus the incentive payments due and owing to him. We find that these allegations are sufficient to state a cause of action for breach of fiduciary duty.

6

### III. COUNT V: FRAUD

In order to state a cause of action for fraud, a plaintiff must allege that: (1) the representation must be a statement of a material fact, rather than a mere promise or opinion; 2) the representation must be false; 3) the person making the statement must know or believe that the representation is false; 4) the person to whom the representation is made must reasonably rely on the truth of the statement; 5) the statement must have been made for the purpose of causing the other party to affirmatively act; and 6) the reliance by the person to whom the statement was made led to his injury. *LaScola v. US Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991).

Plaintiffs have alleged that defendants misrepresented the earnings of ITQ and that Kingsbury, Webster, MacIvor and Reinig denied Minkus access to financial documents that would have revealed the true financial condition of ITQ. Plaintiffs have alleged that Webster and MacIvor made misrepresentations about the projected growth of ITQ knowing that the numbers presented were inaccurate. Additionally, plaintiffs have further alleged that defendants have attempted to defraud by misallocating income between ITQ and LATA and by providing inaccurate financial income with the intent to defraud. Plaintiffs allege that Kingsbury and Reinig participated in this scheme to defraud through phone calls and facsimiles and plaintiffs have provided e-mails and faxes from Kingsbury and Reinig related to the alleged fraud. Finally, plaintiffs have alleged that they relied on the defendants misrepresentations and that reliance resulted in damages.

For these reasons, we find that plaintiffs have adequately alleged a cause of action for fraud at this stage of the litigation. Therefore, defendants' motion to dismiss Count V is denied.

7

## IV. COUNT VI: FRAUDULENT INDUCEMENT

In Count VI, plaintiffs allege a cause of action for fraudulent inducement. The elements of fraudulent inducement are: 1) a false statement of material fact; 2) known or believed to be false by the person making it; 3) an intent to induce the other party to act; 4) action by the other party in reliance on the truth of the statement; and 5) damage to the other party resulting from such reliance." *Havoco of America, Ltd. v. Sumitomo Corp.*, 971 F.2d 1332, 1341 (7th Cir. 1992).

In this case, plaintiffs allege that Minkus sold the assets of Minkus and Dunne based on false financial misrepresentations made by defendants. Plaintiffs allege that these misrepresentations were made with the intent to induce plaintiffs to sell the Minkus & Dunne assets and join ITQ. Additionally, plaintiffs claim that defendants continued to misrepresent the financial status of ITQ with the intent to defraud by minimizing compensation owed to Minkus. Plaintiffs allege that because of these misrepresentations, Minkus sold the Minkus & Dunne assets and agreed to work for ITQ in its Chicago office. Plaintiffs further allege that these misrepresentations proximately caused damages including loss of accounts and loss of compensation.

We find that plaintiffs have adequately alleged a cause of action for fraudulent inducement. Thus, defendants' motion to dismiss Count VI is denied.

## **CONCLUSION**

For the foregoing reasons, Kingsbury, Webster, MacIvor and Reinigs' motion to dismiss for lack of personal jurisdiction (# 4-1, 4-2, 30-1) is denied. For all of the foregoing reasons, LATA, ITQ, Kingsbury, Webster, MacIvor and Reinigs' motions to dismiss Counts IV, V, and VI for failure to plead fraud with particularity (# 3-1, 3-2, 31-1) are denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 25, 2004